IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| JOSEPH MCZEAL § | |
|    *Plaintiff,* § | |
| v. § | C.A. NO. _____ |
| § | |
| TERMINAL INVESTMENT § | |
| CORPORATION, § | |
|    *Defendant.* § | |

## **NOTICE OF REMOVAL**

COME NOW, Defendant, Terminal Investment Corporation, and hereby gives notice of removal of this case from the 172nd. Judicial District Court of Jefferson County, Texas to the United States District Court for the Eastern District of Texas, Beaumont Division, pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

### **I. STATEMENT OF FACTS GERMANE TO REMOVAL**

1. Plaintiff filed this personal injury action on January 4, 2022 in the 172nd. Judicial District Court of Jefferson County, Texas.

2. Defendant, Terminal Investment Corporation, is the sole Defendant and was served on January 8, 2022.

3. Plaintiff alleges that he sustained injuries at the Port of Port Author, Texas while operating a Yard Hustler machine during the course of his employment.

4. Plaintiff is a citizen of Texas and a resident of Port Arthur, Texas.

5. Defendant, Terminal Investment Corporation, is a Georgia Corporation with its principal place of business located at 746 Wheaton St. Savannah, Georgia.

6. Plaintiff seeks monetary damages in excess of $1,000,000.

## II. DIVERSITY OF CITIZENSHIP PERMITS REMOVAL.

7.  District courts of the United States are conferred original jurisdiction over any civil matter between citizens of different states involving an amount in controversy that exceeds $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a). Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to a district court of the United States for the district and division where the state action is pending.[1]

8.  For purposes of assessing diversity of citizenship, a corporate entity is deemed to be a citizen of both the foreign state in which it is incorporated as well as the location where it maintains its principal place of business.[2] Citizenship is determined at the time the state court suit was filed.[3]

9.  Diversity jurisdiction depends upon a showing of complete diversity, which means that no plaintiff may be a citizen of the same state or foreign state as one of the defendants.[4]

10. Plaintiff is a citizen of the State of Texas.[5]

11. Terminal Investment Corporation is the sole Defendant.[6]

12. At the time of Plaintiff filing his state court suit, Terminal Investment

---

[1] *See* 28 U.S.C. § 1441(a).

[2] *See* 28 U.S.C. § 1332(c)(1); *Mullins v. Test America, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009).

[3] *See Smith v. Sperling*, 354 U.S. 91, 93 (1957); *Harris v. Black Clawson Co.*, 961 F.2d 547, 549 (5th Cir. 1992).

[4] *See Whalen v. Carter*, 954 F.2d 1087, 1974 (5th Cir. 1992); *Mas v. Perry*, 489 F.2d 1396, 1398-1399 (5th Cir. 1974); *Nelson v. St. Paul Fire & Marine Ins. Co.*, 897 F. Supp. 328, 330 (S.D. Tex. 1995).

[5] *See* Exhibit A, Plaintiff's Original Petition, § I.

[6] *Id.*

Corporation was and remains a company incorporated in the State of Georgia with its principal place of business in Savannah, Georgia.[7]

13.     Plaintiff seeks over $1,000,000.00 in monetary relief in this action [8].

14.     Accordingly, there is complete diversity among the parties and the amount in controversy exceeds $75,000.00 exclusive of interest and costs and removal is authorized and appropriate pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a).

### III. VENUE IS PROPER AND REMOVAL IS TIMELY.

15.     This Court occupies the district and division in which Plaintiff's Original Petition was filed and therefore, venue in this is proper.  *See* 28 U.S.C. § 1446(a).

16.     The state court action was served on Defendant, Terminal Investment Corporation's Registered Agent on January 8, 2022 [9].

17.     This Notice of Removal is timely because it is filed within 30 days after Defendant's receipt of the first pleading from which it may be ascertained that the case is removable.  28 U.S.C. 1446(b)(2)(B).

### IV. LIST OF ATTACHMENTS.

18.     A certified copy of Plaintiff's Original Petition is attached as Exhibit A.

19.     The Affidavit of Tim Orr is attached as Exhibit B.

20.     A certified copy of the Citation By Mail and Return of Service is attached as Exhibit C.

---

[7] *See* Exhibit B, Affidavit of Tim Orr.

[8] *See* Exhibit A, Plaintiff's Original Petition, § II.

[9] *See* Exhibit C, Citation By Mail and Return of Service.

21. An Index of all documents being filed is attached as Exhibit D.

22. A List of Parties is attached as Exhibit E.

23. Copies of the state court docket sheet and all process, pleadings asserting causes of action, answers, and orders on file in the state court are attached as Exhibit F.

24. Civil Cover Sheet is attached as Exhibit G.

25. A List of All Counsel of Record is attached as Exhibit H.

26. A Record of Jury Request and the Name and address of State Court of Removal is attached as Exhibit I.

WHEREFORE, PREMISES CONSIDERED, Defendant, Terminal Investment Corporation, files this Notice Of Removal of this suit from the 172nd. Judicial District Court of Jefferson County, Texas to the United States District Court for the Eastern District of Texas, Beaumont Division.

Respectfully submitted,

**BROWN SIMS**

By: /s/ James R. Koecher
James R. Koecher
SDTX No. 7372
State Bar No. 11648700
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580 Telephone
(713) 629-5027 Facsimile
rkoecher@brownsims.com Email

**ATTORNEYS FOR TERMINAL INVESTMENT CORPORATION**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy has been served upon all counsel of record *via* e-file.  If counsel is not a user of the e-file system, then this document will be served *via* Certified Mail, return receipt requested on the 2<sup>nd.</sup> day of February 2022.

                                                      /s/ James R. Koecher
                                                      James R. Koecher