# EXHIBIT A

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
1/4/2022 4:33 PM
JAMIE SMITH
DISTRICT CLERK
E-209068

CAUSE NO. E209068

| | | |
|---|---|---|
| **JOSEPH MCZEAL** | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| **TERMINAL INVESTMENT CORPORATION,** | § § § | 172nd JUDICIAL DISTRICT |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **JOSEPH MCZEAL** and files this, Plaintiff's Original Petition, and in support thereof show unto this Court the following:

### I. PARTIES

Plaintiff, **JOSEPH MCZEAL**, is a citizen of Texas and resident of Port Arthur, Jefferson County, Texas.

Defendant, **TERMINAL INVESTMENT CORPORATION**, is a Georgia Corporation located at 746 Wheaton St., Savannah, GA 31401, transacting business in the State of Texas. Terminal Investment Corporation can be served by serving its Registered Agent in Texas, Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3136.

## II. VENUE AND JURISDICTION

Venue is proper in Jefferson County, Texas, pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code in that all or a substantial part of the events or omissions giving rise to the cause of action occurred in Jefferson County, Texas. At all times relevant to this case, Defendant transacted business in the State of Texas, including Jefferson County, Texas. Plaintiff is a Jefferson County, Texas resident who suffered a serious and permanent personal injury as a result of the incident made the basis of this application.

Defendant could reasonably anticipate being haled into a Texas court, and this Court's exercise of jurisdiction over these Defendant does not offend the notions of fair play or substantial justice. Defendant is essentially at home in the State of Texas.

Plaintiff avers that determining the appropriate amount of his damages is uniquely with the realm of the jury's purview. However, for purposes of complying with Texas Rules of Civil Procedure 47, Plaintiff represents he seeks monetary relief over $1,000,000.

## III. FACTS

On February 4, 2021, **JOSEPH MCZEAL** was employed by Cooper/Ports America and was working at the Port of Port Arthur operating a "Yard Hostler" which is a tractor used to move cargo containers at port terminals to and from ships and on-dock rails as well as within the marine terminal yard. At the time of the incident, Plaintiff was operating the Yard Hostler and moving a cargo container down a ramp when the Yard Hostler's brakes failed resulting in a loss of control and causing the Yard Hostler to fall off the ramp resulting in serious injuries to Plaintiff's neck, back, spine, spinal nerves and body in general.

## IV. CAUSE OF ACTION

The allegations of the preceding and succeeding paragraphs are incorporated herein by reference and for all purposes. A proximate cause of the incident was a result of the following non-exclusive list of omission and/or commissions on the part of the Defendant named herein:

a. Failing to properly maintain the yard hostler resulting in the failure of the brakes;

b. Failing to properly inspect the yard hostler;

c. Failing to notify Plaintiff that the yard hostler was not properly inspected and/or maintained prior to the work being performed; and

d. Other acts of negligence, fault, strict liability that will be shown at the trial of this matter.

## V. .DAMAGES

As a result of the negligence of Defendant, Plaintiff suffered injuries and damages, including, but not limited to, a severe, disabling and permanent injury to his neck and back which has required surgery. As a result of the negligence of Defendant, Plaintiff has sustained medical expenses in the past and will sustain medical expenses in the future, lost wages in the past and loss of earning capacity in the future, physical pain and mental anguish in the past and will suffer physical pain and mental anguish in the future, physical impairment in the past and will suffer physical impairment in the future.

## VI. NOTICE OF INTENT TO USE DOCUMENTS PRODUCED

Notice is hereby given that, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant's production of documents and items in response to Requests for Production and other discovery requests in this case authenticates the documents for use against Defendant in this case. Plaintiff further hereby gives notice of intent to utilize any and all such items produced by Defendant or other in discovery in the trial of this matter.

## VII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to

appear and answer herein as the law directs; that upon final hearing hereof, Plaintiff recovers judgment against the Defendants including costs of court, pre-judgment and post judgment interest at the legal rate, and for such other and further relief, special and general, at law and in equity, to which the Plaintiff may be justly entitled to receive.

Respectfully submitted,

FERGUSON LAW FIRM, LLP
350 Pine Street, Suite 1440
Beaumont, Texas 77701
(409) 832-9700 – T
(409) 832-9708 – F

By: **/s/ Jane S. Leger**
Jane S. Leger
State Bar No. 00788814
Tripp Jones
State Bar No. 24097058
jleger@thefergusonlawfirm.comand

JILL S. PIERCE PLLC
P.O. Box 267 Kemah,
Texas 77565(409) 626-
4531 – T (888) 642-
3431 – F

Jill Swearingen Pierce State
Bar No. 00788498
Jillspiercepllc@gmail.com
**ATTORNEYS FOR PLAINTIFF**

**JURY DEMAND**

Plaintiff demands a trial by jury.